Channing J. Hartelius
HARTELIUS, DUROCHER & WINTER, P.C.
600 Central Plaza, Suite 408
P.O. Box 1629
Great Falls, MT  59403-1629
Telephone:  (406) 727-4020
Facsimile:   (406) 771-7319
Email: chartelius@mtlawyers.net
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT,
DISTRICT OF MONTANA, GREAT FALLS DIVISION

| | |
|---|---|
| JENNI COSTELLO, | Cause No. CV-10-17-GF-SEH |
| Plaintiff, | |
| vs. | |
| | **COMPLAINT & JURY DEMAND** |
| NCR CORPORATION, ACE AMERICAN INSURANCE COMPANY, FARMERS INSURANCE EXCHANGE, JOHN DOES 1-5 | |
| Defendants. | |

_____COMES NOW the Plaintiff, Jenni Costello, and for her Complaint, alleges as follows:

**I. NEGLIGENCE CLAIM** (As to Defendant NCR Corporation):

1. On or about July 5, 2006, Jenni Costello was a passenger in a vehicle driven by Amber Dailey.  Amber Dailey and Jenni Costello were stopped

for traffic in Washington, Missouri when Gregory Girouard, an employee of NCR Corporation, failed to stop for traffic and ran into the back of Amber Dailey's automobile.  Mr. Girouard was on his cell phone at the time of the collision.  Mr. Girouard stated that he did not realize traffic had stopped and did not slow his vehicle down.  Mr. Girouard was acting in the scope and nature of his employment at the time of the collision.  Mr. Girouard impacted the back of Amber Dailey's vehicle with enough force to smash it into the vehicle in front of it and propel it out into an oncoming lane of traffic where it was impacted again and sent flying down an embankment and smashed into a tree wrapping the vehicle and Jenni Costello around the tree.

2. As a result of the collision, Plaintiff, Jenni Costello was severely injured, and has incurred substantial damages which exceed $75,000.00.

3. Gregory Girouard, while working for NCR Corporation, was the sole cause of the collision.  He was negligent, and negligent as a matter of law.

4. Gregory Girouard was driving a vehicle owned by NCR Corporation at the time of the collision.

5. Plaintiff was not a cause of the collision or her injuries or damages.

II. **DECLARATORY JUDGMENT FOR ADVANCE PAYMENTS** (As to Defendant Ace American Insurance Company):

6. Plaintiff realleges paragraphs 1-5.

7. At the time of the collision, Gregory Girouard and NCR Corporation were insured for liability by Defendant Ace American Insurance Company.

8. Defendant's liability for reasonable medical expenses incurred by Plaintiff as a result of the collision are reasonably clear.

9. Despite demand for payment of reasonable medical expenses, Defendant has refused to pay all reasonable, related medical expenses.

10. Defendant and its insurer Ace American Insurance Company should be ordered to pay all reasonable expenses incurred by Plaintiff for which Defendant's liability is reasonably clear.

11. Defendant NCR Corporation is responsible for Plaintiff's reasonable attorney fees related to the bringing of this action.

III. **BREACH OF CONTRACT** (As to Defendant Farmers Insurance Exhange):

12. At the time of the collisions, Plaintiff was covered by an insurance policy issued by Defendant Farmers Insurance Exchange, which provided, inter alia, uninsured and underinsured motorist benefits.

13. The amount of damages exceeds the Ace American Insurance coverage, thus Defendant Farmers Insurance Exchange is responsible for any excess jury award related to the car collision of July 5, 2006.

14. Plaintiff has demanded the limits of available insurance for Plaintiff. Defendant, Farmers Insurance Exchange has not paid such amount.

15. Plaintiff alleges that Farmers Insurance Exchange's failure to pay is a

breach of the insurance contract, and that they have been damaged thereby.

16. Defendant Farmers Insurance Exchange is obligated to pay Plaintiffs' damages in excess of the available liability coverage of Defendant NCR Corporataion, up to the applicable underinsured limits.

15. Plaintiff is entitled to judgment against the Defendant, Farmers Insurance Exchange, for Plaintiffs' damages in excess of the available liability coverage of Defendant NCR Corporation, up to the applicable underinsured limits."

WHEREFORE, PLAINTIFF PRAYS:

1. For an award of all special and general damages caused by Defendant NCR Corporation;

2. For a declaratory judgment against Defendant NCR Corporation and its insurer, Ace American Insurance Company that it owes, and be ordered to pay in advance of trial, all reasonable expenses incurred by Plaintiff for which Defendant's liability is reasonably clear;

3. For a judgment and order that Defendant Farmers Insurance Exchange pay Underinsured benefits for the July 5, 2006 collision and to pay in advance;

4. For costs and fees as allowed by law; and,

5. For all other relief the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated this 23rd day of March, 2010.

        HARTELIUS, DUROCHER & WINTER, PC


        BY:   /s/ Channing J. Hartelius
              CHANNING J. HARTELIUS